UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
BORN I. RUSH,                       :
                                    :
        Petitioner,                 :   Civ. No. 17-2459 (NLH)
                                    :
    v.                              :   OPINION
                                    :
WARDEN DAVID ORTIZ,                 :
                                    :
        Respondent.                 :
_____:

APPEARANCES:

Born I. Rush, # 60836-050
FCI Ft. Dix
Inmate Mail/Parcels
East: P.O. Box 2000
Ft. Dix, NJ 08640
    Petitioner Pro se

Elizabeth Ann Pascal
Office of the United States Attorney
401 Market St.
P.O. Box 2098
Camden, NJ 08101
    Counsel for Respondent

HILLMAN, District Judge

    Petitioner Born I. Rush ("Petitioner"), a prisoner presently incarcerated at the Federal Correctional Institution at Fort Dix in Fort Dix, New Jersey, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Petitioner's sole grievance raised in the Petition is that he has been confined in excess of his

maximum term because the Federal Bureau of Prisons failed to calculate correctly his federal sentence, which he alleges does not account for time spent in state custody on a federal detainer. ECF No. 1, Pet. at 2. By order of Court, Respondent filed an Answer to the Petition (the "Answer"). ECF No. 3. Petitioner filed a reply to the Answer (the "Reply"). ECF No. 6. The Petition is ripe for disposition. For the reasons stated below, the Petition will be denied.

## I. BACKGROUND

Petitioner files this Petition pursuant to 28 U.S.C. § 2241 in order to secure his release from the custody of the Federal Bureau of Prisons ("BOP"). ECF No. 1, Pet. at 1. As to his only ground for relief in this Petition, Petitioner states that he is unlawfully confined in excess of his maximum term because the BOP failed to apply properly credit to his federal sentence for time spent in state custody. Id. At the outset, Petitioner admits that he had previously filed a § 2241 petition with the Court raising the same issue, which was denied with prejudice on September 22, 2015. See No. 13-cv-4788, ECF Nos. 8 (opinion) and 9 (order). Petitioner alleges that his prior petition was "inartfully" pled and that he lacked the documentation needed to support it. No. 17-cv-2459, ECF No. 1, Pet. at 2.

On March 24, 2009, while on New Jersey state parole for an

unspecified conviction, Petitioner was arrested by state authorities and charged with unlawful possession of a handgun. Id. at 3. Petitioner posted bail on February 25, 2009, regarding the handgun offense, but was then incarcerated on a parole violation warrant that same day; the possession of the handgun was a violation of his parole. Id.

The handgun charges on which Petitioner had posted bail, N.J. Case No. W2009-345, were transferred from the Municipal Court to the Monmouth County Superior Court and upgraded on March 24, 2009, N.J. Case No. 2182-11-09, with bail now set at $500,000. ECF No. 3, Ans. at 6-7; ECF No. 4, Decl. at 4. After service of his parole violation incarceration ended on June 29, 2009, Petitioner remained incarcerated because of the criminal charges pending in N.J. Case No. 2182-11-09, for which he had not posted bail. Id.

During his confinement on his parole violation, a federal indictment was filed against Petitioner on March 12, 2009. No. 09-cr-174, ECF No. 1 (D.N.J.). On August 5, 2009, a federal detainer for the indictment was lodged against Petitioner. No. 09-cr-174, ECF No. 15. On January 24, 2011, the Petitioner was sentenced on his federal charges. No. 09-cr-174, ECF No. 39 (minute entry). The sentencing court's judgment of conviction was silent as to whether the federal sentence should run

concurrently with any state sentence.  See No. 09-cr-174, ECF No. 40.  Petitioner remained in state custody after the federal sentencing.

On December 23, 2011, Petitioner was sentenced for the upgraded charges in N.J. Case No. 2182-11-09.  No. 17-cv-2459, ECF No. 1, Pet. at 6.  The state court issued a second sentencing order dated March 9, 2012, to order Petitioner's state sentence to run concurrently to his federal sentence.  Id. at 7.  Petitioner completed service of his state sentence on March 13, 2012, at which point the federal authorities took Petitioner into custody for service of his federal sentence.  Id.  Petitioner is presently incarcerated on his federal sentence.

Petitioner alleges that the BOP gave him no time credit for the time he spent in prison on his state sentence.  Id.  Petitioner states he exhausted his administrative remedies, and then challenged his sentence computation in this Court, No. 13-cv-4788.  According to Petitioner, in the prior § 2241 matter, the government's answer failed to provide the correct chronological sequence of events, which would demonstrate that Petitioner should have been in primary federal custody after the expiration of his first state sentence on his parole violation and he would have then been entitled to credit for the time he

4

spent incarcerated under the federal indictment but in state custody. Id. at 8. Petitioner states that the prior § 2241 petition was denied because the Court noted that "Petitioner does not offer any evidence to support the allegation that he was paroled on June 12, 2009." Id. at 9. A lack of documentation, he alleges, led to this Court finding that "Petitioner remained in state custody from the time of his arrest on February 24, 2009 to the time he was discharged from state custody on March 13, 2012." Id. at 9-10.

Petitioner alleges that he was released from the parole violation on June 29, 2009. Id. at 5. Thus, as of June 29, 2009, the Petitioner argues that he should have been in federal custody as his primary custodian. Id. at 10. Petitioner includes as an exhibit to his Petition a document to demonstrate that he made bail on his state handgun charges on February 25, 2009. See ECF No. 1, at 15. Petitioner states that this exhibit is the evidence he lacked in his prior § 2241 proceeding that demonstrates that he should have been in federal custody after service of his parole violation was completed on June 29, 2009.

In the Answer, the Respondent explains how the BOP calculated Petitioner's federal sentence:

> In accordance with BOP Program Statement 5880.28,

> Sentence Computation Manual (CCCA-1984), and 18 U.S.C.
> § 3585(a), the BOP computed Petitioner's 96-month
> federal sentence as commencing on March 13, 2012, the
> date he was paroled from his New Jersey State sentence
> to the federal detainer. He received no prior custody
> credit under 18 U.S.C. § 3585(b), because all the time
> Petitioner served between the date of his arrest and
> the commencement of his federal sentence was credited
> against his state sentences.

ECF No. 3, Ans. at 9. Because Petitioner's federal sentence was not ordered to run currently with his state court sentence, the time spent in state custody could not also count towards his federal sentence.

The BOP also investigated whether the state prison at which Petitioner served his state sentence could be retroactively designated for service of his federal sentence. Specifically, the BOP's Designation and Sentence Computation Center, in response to Petitioner's administrative requests, contacted Petitioner's federal sentencing court to obtain an opinion regarding a retroactive designation of his state institution for service of his federal sentence. Id. at 9-10. The BOP also conducted an individualized assessment of Petitioner's circumstances and denied his request for a retroactive designation; the sentencing court also issued an order denying Petitioner's request for a retroactive designation. Id. at 10.

The Respondent argues that the Petition must be dismissed as a successive petition under the abuse of the writ doctrine,

as codified at 28 U.S.C. § 2244(a).  Id. at 11.  In support of its argument, the Respondent cites Petitioner's prior § 2241 petition, which raised the same issues as the instant Petition and which was denied on the merits by the Court.  Id.

Petitioner filed a traverse to the Answer.  ECF No. 6.  In it, Petitioner argues that he lacked the documents he needed in his first § 2241 petition.  Id. at 2.  In addition, Petitioner argues that the initial charges for which he was taken into custody had nothing to do with his subsequent arrest related to a large drug conspiracy and thus were not "upgraded" charges.  Id. at 4.  Petitioner also states that the Respondent's argument is premised on the reliability of the BOP documentation, although the Petitioner does not specify which documents may be inaccurate or unreliable.  Id. at 6.

Finally, Petitioner continues to argue his sequence of events and how they should impact the execution of his federal sentence, i.e. that time spend in state custody should have been credited to his federal sentence because of the federal indictment lodged against him.  Id. at 7-10.  Although Petitioner requested leave to file a supplemental reply, which the Court granted, he did not file any supplement.  See ECF Nos. 9 (letter requesting leave to file a supplemental reply) and 10 (order granting request).

## II. DISCUSSION

### A. Legal Standard

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). See Zayas v. INS, 311 F.3d 247, 256 (3d Cir. 2002) (identifying "applications challenging the manner in which a valid federal sentence is carried out" as an example of a "categor[y] of habeas petitions filed under § 2241"). Therefore, this Petition is properly brought under 28 U.S.C. § 2241.

Successive habeas petitions, including those brought pursuant to § 2241, may be denied under the codified abuse of the writ doctrine:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). Section 2244(a) bars successive § 2241 petitions that are based on the same claim. See Sanders v. United States, 373 U.S. 1, 9 (1963) (maintaining that a petitioner's applications were properly denied because he sought

8

to retry a claim previously fully considered and decided against him); <u>Furnari v. U.S. Parole Comm'n</u>, 531 F.3d 241, 250 (3d Cir. 2008) (stating that "when a prisoner files a successive petition for habeas corpus relief, the abuse of the writ doctrine, as set forth in 28 U.S.C. § 2244(a), may bar his claim").

A court may rely on the denial of a prior petition for habeas corpus when (1) the issues in the successive petition were determined adversely to the petitioner on the previous petition; (2) the previous determination was made on the merits; and (3) "the ends of justice" would not be served by reaching the merits of the subsequent petition. <u>Furnari</u>, 531 F.3d at 250 (citing <u>Sanders</u>, 373 U.S. at 9).

The burden to raise and plead abuse of the writ with clarity and particularity is the respondent's. <u>Id.</u> at 251 (citing <u>Sanders</u>, 373 U.S. at 10-11). Once the respondent has established its burden, the burden shifts to the petitioner to demonstrate how "the ends of justice" would be served by the court entertaining his petition, which the petitioner may satisfy by making a "colorable showing of factual innocence." <u>Id.</u> (quoting <u>Kuhlmann v. Wilson</u>, 477 U.S. 436, 454 (1986)).

**B. Analysis**

The Petition is an abuse of the writ and dismissible under § 2244(a) because this Court previously considered the issues

9

raised in the Petition on the merits.  The issues raised in this action were addressed and denied in Rush v. Shartle, No. 13-4788, 2015 WL 5567307 (D.N.J. Sept. 22, 2015).

Here, the Respondent raised abuse of the writ as codified at § 2244(a) in its Answer, and explained with clarity and particularity why the instant Petition is successive and should be dismissed as previously adjudicated.  The Court notes that the prior petition raised the same issue as the instant Petition, and that the Court decided the former petition on the merits and against Petitioner.  Thus, the requirements for invoking the abuse of the writ doctrine are satisfied.

Although upon first review, Petitioner appears to demonstrate a plausible claim in the instant Petition, a closer review of the relevant documents related to Petitioner's state and federal custody reveals that Petitioner's claim fails.  Thus, the "ends of justice" would not be met by reviewing his second § 2241 petition.  Specifically, although Petitioner has included a new exhibit demonstrating that he initially posted bail on a handgun offense, he does not address the fact that such charge was upgraded to racketeering and a more serious weapons offense, for which he did not post bail and remained in state custody.  Petitioner remained in the primary custody of the state of New Jersey during the time period for which he was

incarcerated for his parole violation and after Petitioner was incarcerated for his open state charges.

Federal custody only becomes primary when the authority which first arrested the Petitioner, here New Jersey, relinquishes custody over him.  See Rios v. Wiley, 201 F.3d 257, 274-75 (3d Cir. 2000), superseded on other grounds, see United States v. Saintville, 218 F.3d 246, 249 (3d Cir. 2000).  See also Ponzi v. Fessenden, 258 U.S. 254, 259-60 (1922) ("[T]he court which first takes the subject-matter of the litigation into its control, whether this be person or property, must be permitted to exhaust its remedy, to attain which it assumed control, before the other court shall attempt to take it for its purpose."); Bowman v. Wilson, 672 F.2d 1145, 1153 (3d Cir. 1982) (noting "general rule for resolving the claims of jurisdictions competing to proceed against an individual charged with criminal violations" has been set out in Ponzi).

At no point until the expiration of his state sentence in 2012 did New Jersey relinquish custody of Petitioner to the federal authorities.  Further, Petitioner cites no evidence that New Jersey did relinquish his custody.  Petitioner was already confined to state custody when the federal indictment and detainer was lodged against him, and he continued to remain in state custody until he was released from his state sentence in

2012.  Thus, his federal sentence did not commence until his release from state custody in 2012.  See Barden v. Keohane, 921 F.2d 476, 480 (3d Cir. 1990).

Because Petitioner's claim has already been adjudicated on the merits adversely to him in a prior § 2241 petition, and because the ends of justice would not be served by entertaining the instant Petition as the sole claim therein fails, the Court will deny the Petition as an abuse of the writ as codified under § 2244(a).

## IV. CONCLUSION

For the above reasons, the § 2241 habeas petition is denied.  An appropriate Order follows.


Dated: May 17, 2018           s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.